Good morning. My name is Rex Heinke. I'm here on behalf of the appellants, the Waddell and Reed defendants and the other defendants. There are two questions in this court. Two questions in this case. The first is, does this court have jurisdiction? The second is whether or not the plaintiff's claims are preempted. I'd like to turn first to the issue of jurisdiction. We believe this court has jurisdiction under its decision in Lyons where this court was interpreting this court's prior decision in the Meadows case. We think this court's analysis in Lyons is squarely on point with the situation here and I'd like to explain why. First, what did this court say in Lyons? This court said that the court in Meadows, the district court, appeared there to assert jurisdiction. That after the district court decided there was no preemption, it remanded the case before it. That the district court there gave no specific reasons for its remand order. Therefore, the Ninth Circuit had to look to the substance of the remand order or the court's order. Finally, and this we believe is particularly important, where the district court appears to have asserted jurisdiction, the possibility that it remanded the case for lack of jurisdiction is removed and therefore this court has appellate jurisdiction. That is what this court said in Lyons. Let me explain why we believe that is the situation here. The only issue presented to the district court in this case was the merits. We had made a motion to dismiss the case because we claimed it was preempted and of course the plaintiff opposed that. That was the issue. That was what was briefed before the district court. There was no oral argument so we can't look to the oral argument. There is, however, an order and the order, which is at the page 109 of the excerpts of record, it's number 8, says three things. First it says the court has considered defendant's motion to dismiss together with the moving and opposing papers. That is, it's considered the merits. Second, it is ordered that the motion to dismiss be and hereby is denied. It ruled against us on the merits, we believe erroneously, but nevertheless ruled on the merits. And third, it said it is further ordered sua sponte that the case be and hereby is remanded. Why isn't it logical to surmise that the district court had to have decided that there was no Federal preemption? I think what the court decided was no preemption. There's no indication that it decided jurisdiction and jurisdiction was not the issue being prevented. Well, if you look at what happened in Meadows. I know. See, the problem is it can be just really wrong. I mean, as you know, I mean, the problem is it can be just totally wrong on the Federal preemption issue. But if he's decided that and decided that he doesn't have jurisdiction, even for a wrong reason, isn't that the end of it? Not if Meadows is good law, and this court said in Lyons it was, because if you look at the district court decision in Meadows, the question was ERISA preemption. The court first indicated it thought, this is the district court, indicated it thought it had pre, or sorry, that it had jurisdiction because it said an ERISA plan was involved. And then it went on and said, but for various reasons we conclude there's no preemption. That, I submit, is indistinguishable from what appears to have happened here. That is, in Meadows, the issue of whether or not there was preemption was bound up with the jurisdictional question. And what I think Lyons stands for, its interpretation of Meadows, is if the district court, as Lyons says, appears to assert jurisdiction, then this court has appellate jurisdiction of the remand order. That's the only way, it seems to me, that you can make any sense of what this court said in Lyons. Otherwise, you have to say Lyons is wrong, Meadows is wrong on this point. And we don't believe that that's the case, nor has opposing counsel argued that. It is obviously a narrow exception. But what the court seems to have been saying there was if the district court goes first to the merits, then it's a merits determination, and that issue is to be considered. Well, of course, here the merits in a way is. But it was also true in Meadows. So I stuck with it. That was also true in Meadows. That is, if there wasn't an ERISA plan, which is what the basis of jurisdiction was. But here the decision isn't apart from jurisdiction in the same way that it was in Meadows. But I don't see how it was apart from in Meadows, because there you had to determine, as the district court held, that there was an ERISA plan. If you didn't find there was an ERISA plan, there was no jurisdiction, but there was no preemption claim, because there was no plan to preempt, arguably, the plaintiff's claims. So it was not apart from in Meadows. Could not have been apart from in Meadows. And so I think then you have to. I guess where I'm having problems with the argument is I'm looking at the language in Lyons that talks about the fact that it is the question of preemption is inherently part of the jurisdictional inquiry. And I'm looking specifically at the language at page 1172 of 188F3rd. And I think what Judge Reimer is asking you is what's bothering me. At some point there is a molding of the two inquiries in order to determine whether there is, in fact, jurisdiction. And if the district court concludes that there is no preemption, therefore it has no subject matter jurisdiction. And it remands for that reason, even if the district court is wrong, as I understand the law, in that analysis 1147D forbids us from reexamining. So I don't see how this is inconsistent with Lyons. Well, if that's the court's view, it seems to me then Lyons is contradictory, because what happened in Meadows is the same thing. The district court is faced with a preemption question. It says, I think there's some jurisdiction here because it's an ERISA plan, and then goes on to say, but for various reasons there's no preemption. I don't see how ---- Can you explain the language just at 1174 that says the district court framed its entire discussion of ERISA preemption in terms of jurisdiction and ultimately found jurisdiction lacking, presumably because it found no preemption. Because we conclude that the remand in this case was based on lack of jurisdiction under 1447C, Meadows doesn't control. Why isn't the situation exactly the same here? I don't think it's the same. And the difference is, and the only thing that this Court said in Lyons that distinguished the situation in Lyons from the situation in Meadows was that in Meadows the district court had appeared to assert subject matter jurisdiction and ruled on the merits. And that's what appears to have happened here, because the only issue before the Court was a merits determination. And if you read the only indication from the district court here as to what it thought it was doing, it says, I look at the motion to dismiss, I deny the motion to dismiss, and then I remand. If what the Court meant to say was, I've looked at this and there's no jurisdiction, it should have simply said, I remand, there's no jurisdiction. Well, there's no question. Had the district court given us more than a very short order than it did, you probably wouldn't be here, because the answer would have been clear on the face of the order. Depending on what the district court said. Exactly. Right. I understand that, Your Honor. But we're stuck with what we've got. And what we've got is the order. And the order determines merits, just as in Meadows. The court appears to have asserted subject matter jurisdiction and ruled on the merits and then remanded. And I submit that is exactly what happened in Meadows. Why can't we view it as assuming jurisdiction to determine whether or not we have jurisdiction, which we frequently do in cases? I don't understand, except I think that's back to, it depends on how the district court structures its order. If the district court wants to indicate, I'm assuming I've got jurisdiction, and then goes to the merits, Meadows says, that is reviewable here. If the district court says, no, I've looked at it and there's no jurisdiction, I'm remanding, then this Court does not have jurisdiction. How long had the case been pending before Judge Hatter when he ruled? I don't remember exactly, but it had been under submission for several months. All right. And this was the first motion that was filed in the case? Yes, Your Honor. Okay. So there was no pending removal motion. There was only a merits motion. I noticed in the record that there was some reference to a writ of mandate that was filed. Yes, we also. Did anything happen? Well, what happened here was there was a show cause order as to whether or not this should be dismissed for lack of appellate jurisdiction. That was briefed. Yes. And the court denied, a panel denied that motion and sent it here on the merits. I don't believe anything happened on the merits. I don't recall the answer to that. It's still out there. Maybe you can answer it. I think it's still out there, Your Honor. Okay. Your Honor, I think that really is my argument on the question of jurisdiction. The other issue, of course, is merits. Let me say simply that we believe it's an issue of congressional intent. There's no indication that Congress meant to carve out an exception for Business Code 17-200 cases, which is what the plaintiff's position comes down to. If you look at the legislative history of the statute's elusive, it is absolutely clear that what Congress was about was trying to fill up holes and stop people from evading its prior legislation and to make sure that class actions, securities class actions, were federally preempted and went to federal court. And that's what should happen here. I believe I've used up my time and then some, unless the Court has any questions. No, thank you. Thank you. May it please the Court. My name is Bill Baxley. I'm from Birmingham, Alabama. With me is Ben Sofer with the Los Angeles office of Perkins Cooley and Caroline Keller with the Atlanta office of Austin Bird. I agree this is a matter of construction. This construction of a statute, plain as day, is 1447d, where it couldn't be clearer, couldn't be plainer, that this is not reviewable on appeal or otherwise. They went further, Congress did, and said you can appeal civil rights cases. Then in 89, they came back in two other instances, the Resolution Trust Corporation, they allowed a remand order to be appealable, and FDIC. Those were the only three exceptions. And I think the reasons best spelled out by then-Justice Lindquist and his dissent in the Thermotron case where he said this to prevent delays, it's very clear. The best argument I could make would be to read the Second Circuit's case. I know it's not binding. It's Spielman v. Merrill Winch. They list it. It's spelled out, the reasons and the facts and everything. I couldn't make a better argument. And I hope that the court, if you haven't read that case, will read it. The problem, of course, is that heaven only knows what this order meant to say that the district court did. And if the district court, in fact, resolved the merits first, then said, oh, well, on my own initiative, I'm just going to get rid of this rascal, that creates a problem, doesn't it? Well, there are cases on that point. The Fifth Circuit in the Weaver case, it's only about a two- or three-page opinion. It's been cited by the Ninth Circuit several times. And there are other cases where it really gets back to saying we're not going to put words in what the court did. We're not going to try to presume that the district court here had this brief and had it for seven months after it was briefed. And I think probably the best case is what this court said in the Pan Am case. And there they said that the court didn't give a good reason, perhaps, but they said that in the order where they submitted it back to the clerk of the state court, that's the same paragraph of the same statute that talks about jurisdiction. And this court said in the Pan Am case, quote, it's unlikely the court would be unaware of the remainder of the statute, end of quote. And so it's very unlikely that the court, when it sent it back to the state court, would be unaware of the other parts of the statute. Now, certainly it seems harsh to have a rule that even if it's erroneous, it's not appealable. But I think when you look at it and look at it the way the Second Circuit addressed it, and the Second Circuit, in their opinion, that cited some Ninth Circuit cases. I mean, one of the things that could help is if there had been a motion to remand, one might be in a better position to say, well, the court must have remanded on the basis asserted, that is, that there wasn't any jurisdiction. Well, footnote 9 on page 18 of the brief in front of the district court. We put in there, if necessary, United Investors will make a motion to remand in accordance with local court rules. However, upon denying Waddell and Reed's motion to dismiss, it would appear this court must remand this action sui sponte under the terms of the Uniform Standards Act. And we quote that. And that's exactly what the court did after seven months of studying. Well, so was the remand under the act or was the remand under 1447, or does it matter? Well, it doesn't. It really doesn't matter. It doesn't matter. And it's very clear. And the court says, well, look at common sense of the reason behind it. It does seem harsh, but the whole purpose of the SLEUSA was to prevent meritless sleuths being filed, strike sleuths, I think they called it, to try to get settlements and to have a court, a federal court, district court, look at it to prevent these kind of sleuths from happening. This is not that situation. These are both big boys. These are New York Stock Exchange companies. They weren't filed. These sleuths were not filed to get a settlement out of it. It's common sense. It's not harsh. Well, Congress said all these lawsuits were supposed to be brought in federal court and then dismissed and re-filed as a securities claim. I mean, that doesn't have anything to do with how big you are. Well, the purpose of the act for doing that was to prevent suits that they say were, they called them, meritless class actions that alleged fraud. I think that was in, again, the Second Circuit talks at length about that. That's just not the practical situation. You don't mean to suggest that we don't have big boys who are looking for big bucks here, do you? Well, Your Honor, in this case. You are asking us to impress a trust on them. In this case, we can't get anything but attorneys' fees out of it. We're trying to get it for the poor little class that we had. All for millions of dollars. Right. I understand. Well, Your Honor, I just hope that the court, I couldn't urge strong enough to please read the Second Circuit's opinion. I think it's just. We have read. Okay. Well, Coyle was fascinating. I don't understand their reliance on Meadows' case. Judge Wallace was on the panel. And I don't understand their reliance on Lyons because I think. I'm sure he remembers that. I think. In fact, the last two paragraphs of Meadows, they talk about the reasons behind. They call it policy considerations. The same thing applies here to this is not a strike suit. Thank you. Thank you. Thank you very much, counsel, both of you, for your argument on this matter.  Thank you. Thank you, counsel.
judges: Wallace, Rymer, Tallman